FN:WPC/AA/CWE
F. #2024R00527

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

CARLOS ALBERTO GUERRERO
MERCADO and
GUILLERMO ISAIAS PEREZ
PARRA,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
 *   AUGUST 12, 2024   *
BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 24-CR-287 (S-1)(EK)
(T. 21, U.S.C., §§ 853(a), 853(p), 959(d),
960(b)(1)(F), 960(d)(7), 963 and 970;
T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),
1956(h), 3238 and 3551 et seq.)

THE GRAND JURY CHARGES:

## COUNT ONE
(International Fentanyl Manufacture and Distribution Conspiracy)

1. In or about and between August 2023 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants CARLOS ALBERTO GUERRERO MERCADO and GUILLERMO ISAIAS PEREZ PARRA, together with others, did knowingly and intentionally conspire to manufacture and distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 960(b)(3), 959(a) and 960(a)(3). The amount of fentanyl involved in the conspiracy attributable to the defendants as a result of their own

conduct, and the conduct of other conspirators reasonably foreseeable to them, was 400 grams or more of a substance containing fentanyl.

(Title 21, United States Code, Sections 963, 960(b)(l)(F) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(International Listed Chemical Manufacture and Distribution Conspiracy)

2.      In or about and between August 2023 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants CARLOS ALBERTO GUERRERO MERCADO and GUILLERMO ISAIAS PEREZ PARRA, together with others, did knowingly and intentionally conspire to manufacture and distribute a List I listed chemical, to wit: 4-piperidone, including its acetals, its amides, its carbamates, its salts, and salts of its acetals, its amides, and its carbamates, and any combination thereof, knowing and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 960(d)(7) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT THREE
(Money Laundering Conspiracy)

3.      In or about and between August 2022 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CARLOS ALBERTO GUERRERO MERCADO and GUILLERMO ISAIAS PEREZ PARRA, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire

2

transfers, to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: fentanyl and listed chemical manufacture and distribution conspiracy, in violation of Title 21, United States Code, Sections 963, 960(d)(7), 960(b)(1)(F) and 959(d), contrary to Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND TWO

4.    The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

3

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT THREE

6.      The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

7.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

/s/

FOREPERSON

By Carolyn Pokorny, Assistant US Attorney

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

5