WPC
F. #2023R00712

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

CARLOS ALBERTO GUERRERO
MERCADO,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**STIPULATION AND
ORDER**

No. 24-CR-287 (S-1)(EK)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys, and ORDERED by the Court, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, that:

1.      Any and all discovery materials (the "Discovery Materials") that are provided by the government in the above-captioned case and identified in its correspondence transmitting the Discovery Materials or otherwise identified in the government's sole discretion in writing as sensitive or protected material (the "Sensitive Discovery Materials"), may be used by the defendant CARLOS ALBERTO GUERRERO MERCADO, defense counsel (as defined below) and members of defense counsel's staff (including paralegals, IT support staff, assistants, vendors, investigators, experts and interpreters who are assigned or formally engaged to assist in the preparation of the defense) only for purposes of defending against the charges in the above-captioned case, including preparation for trial and any sentencing or appeal involving such charges;

2.      None of the Sensitive Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Sensitive

Discovery Materials shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

3.    Any documents, material, or information may be designated Sensitive Discovery Material upon a good-faith belief by the government that such materials contain: identifying information for any potential witness, victim, co-conspirator or other individual or sensitive information of a victim, witness, co-conspirator, undercover officer, or others, and/or information that may impair an ongoing law enforcement investigation. If the government and defense counsel do not agree that certain material should be designated as Sensitive Discovery Material, the defendant may provide notice to the government and a reasoned explanation regarding why the defendant does not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, the defendant may make an application to the Court and seek to challenge the material's designation as Sensitive Discovery Material. The defendant shall treat the material as Sensitive Discovery Material pending any determination by the Court.

4.    "Defense counsel" is defined as any attorney who has filed a notice of appearance on behalf of the defendant and is admitted to practice in the United States District Court for the Eastern District of New York ("EDNY"), or has been admitted to the EDNY pro hac vice to represent the defendant;

5.    Any and all Sensitive Discovery Materials produced to the defendant by the government shall not be disseminated or disclosed by the defendant, defense counsel, and/or defense counsel's staff to any individual, organization or entity other than the defendant, defense counsel, and defense counsel's staff;

2

6. If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the Sensitive Discovery Materials unless and until substitute counsel agrees to this Stipulation and Order;

7. Each of the individuals to whom dissemination or disclosure is authorized shall be provided a copy of this Stipulation and Order and advised that he or she shall not further disseminate any portion of the Sensitive Discovery Materials except in conformity with this Stipulation and Order;

8. The defendant may review the Sensitive Discovery Materials only in the presence of defense counsel or defense counsel's legal staff. The defendant is prohibited from having possession, custody or control of the Sensitive Discovery Materials, except to the extent necessary for the defendant to review the Sensitive Discovery Materials in the presence of defense counsel or defense counsel's staff. The defendant is further prohibited from disseminating any Sensitive Discovery Materials, and may not take Sensitive Discovery Materials, or copies thereof, into any jail facility outside the presence of defense counsel or defense counsel's legal staff, possess Sensitive Discovery Materials or copies in any such facility outside the presence of defense counsel or defense counsel's legal staff, or provide information from Sensitive Discovery Materials to others.

9. If the defendant, his defense counsel, or anyone else who has received Sensitive Discovery Materials from the defendants or counsel pursuant to the terms of this Stipulation and Order seek to make further disclosure or dissemination of the Sensitive Discovery Materials, notice must first be provided to the government and the Court, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination so as to permit briefing and argument on the propriety thereof. In the event that the defendant seeks to file Sensitive Discovery Materials with the Court or otherwise use Sensitive Discovery

3

Materials during a court proceeding, the defendants and their counsel will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure, will ensure that court transcripts are appropriately redacted to protect personally identifying information ("PII") and will seek permission from the Court to offer the redacted versions of Sensitive Discovery Materials into evidence unless it is necessary to offer the unredacted version.

10.    If defense counsel chooses to share the Sensitive Discovery Materials with a witness and/or a witness's counsel, that discovery must be shared in the presence of Defense Counsel or a member of Defense Counsel's team.  No persons shall be provided, shown, or read the contents of any Sensitive Discovery Materials produced pursuant to the terms of this Protective Order, or any copy thereof, unless and until they have been provided with a copy of this Order and certify in writing that they will comply with its terms. Defense Counsel shall maintain a record of all such persons and notifications.

11.    Absent prior agreement of the government or permission from the Court, Sensitive Discovery Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal;

12.    The restriction in paragraph 11 does not apply to documents that are or become part of the public domain (other than through a violation of this Stipulation and Order) or the public court record;

13.    A copy of this Stipulation and Order shall be kept with the Sensitive Discovery Materials at all times;

14.    The defendant and defense counsel will return to the government or destroy all copies of the Discovery Materials, whether in the possession of defendants, defense counsel, or defense counsel's staff, (a) within seven days of a verdict of acquittal rendered by a jury, (b) within seven days of the date when an appeal of any sentence was required to be filed, if

4

no appeal is filed, (c) at the time defense counsel ceases to represent the defendant, or (d) within seven days of the issuance of an appellate decision rendering a final judgment of any direct appeal;

15. Nothing in this Stipulation and Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure as to particular items of discovery material;

16. Nothing in this Protective Order in any way releases counsel for the government or defense counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

17. No failure or delay on the part of the government in the exercise of any power, right or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any such power, right or privilege preclude any other or further exercise thereof; and

6

18.    The Court shall retain jurisdiction over all persons subject to this

Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or

to impose sanctions for any contempt thereof.

Dated:    Brooklyn, New York
~~February ___, 2025~~
MARCH 26, 2026

JOSEPH NOCELLA JR.
United States Attorney
Eastern District of New York

By: _____

William P. Campos
Chand Edwards-Balfour
Adam Amir
Assistant United States Attorneys

_____
Kannan Sundaram, Esq.
Counsel to Carlos Alberto Guerrero Mercado

SO ORDERED

_____
HONORABLE ERIC KOMITEE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

6