

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WPC/CEB
F. #2024R00527

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 5, 2026

<u>By ECF and Email</u>

Noam Biale, Esq.
Courtney Gans, Esq.
Sher Tremonte LLP
90 Broad Street, 23 Floor
New York, NY 10004
Criminal Docket No. 24-287 (S-1) (EK)

> Re:    United States v. Guillermo Isaias Perez Parra
> <u>Criminal Docket No. 24-287 (S-1) (EK)</u>

Dear Counsel:

The government submits this response to your February 11, 2026 discovery request letter. As a preliminary matter, we direct you to the four previously filed cover letters in which the government provided the discovery to date pursuant to Rule 16 of the Federal Rules of Criminal Procedure. We will continue to provide Rule 16 discovery as we get it.

Regarding Rule 16(a)(1)(A) and (B) and the requests for Rule 16 discovery contained in Section III of your letter, the government provided discovery as to the defendant's statements. While the government currently has no oral statements of the defendant in response to interrogation by a person he knew was a government agent, the government previously provided written statements, specifically, the government provided the defendant's Whatsapp chats with his co-defendant from the co-defendant's iCloud account as well as the defendant's Gmail account and emails from his account. The government will provide any other statements responsive to Rule 16(1)(A) and (B) when and if the government learns of or obtains them.

Rule 16(a)(1)(C) is not applicable and Rule 16(a)(1)(D) materials are not in the government's possession nor known to the government.

Regarding Rule 16(a)(1)(E) and the requests for Rule 16 discovery contained in Section II of your request, the government has provided many documents in response, including:

1.  records from Amazon, Deutche Bank, Discord, GoDaddy, Google, linkedin, Meta, Only Fans, and Uber.
2.  WhatsApp chats from the co-defendant's iCloud account between the co-defendant and (i) a Chinese precursor supplier, (ii) a co-conspirator; (iii) the co-conspirator's friend; (iv) another Chinese precursor supplier, (v) and the defendant.
3.  Documents regarding a seizure of precursor chemicals and their destruction.
4.  Documents provided by the Mexican government.
5.  The defendant's Gmail account and selected emails.
6.  Emails from the defendant and co-defendant to Indian and Chinese precursor companies.
7.  A Formula.
8.  Search warrant application dated April 3, 2024, for the defendant's Gmail account, co-defendant's Yahoo account, and other accounts.

Regarding Rule 16(a)(1)(F) and the requests for Rule 16 discovery contained in Section IV of your letter, the government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

Regarding Rule 16(a)(1)(G) and the requests for Rule 16 discovery contained in Section VII of your letter, the government will comply with the rule and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

Regarding Section I of your letter which is outside of Rule 16, the government prosecution team is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny. Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

Regarding Section V of your request which is outside of Rule 16, the government prosecution team has no responsive material or information at this time regarding communications between Mexican and United States authorities, etc., about collection of evidence related to the defendant or his co-defendant, the defendant's arrest in Mexico, or his transfer to the United States except as publicly reported in the press.

Regarding Section VI of your letter which is outside of Rule 16, the government prosecution team will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

The Defendant's Required Disclosures

The government continues to request reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualifications of the witnesses.

.    Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized

3

representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

Very truly yours,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/William P. Campos
William P. Campos
Chand Edwards-Balfour
Assistant U.S. Attorneys
(718) 254-6104

4